1
2
3
4
5
6        IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8

9    Eugenio Robledo-Barrios,                          **CR 12-1563 PHX SRB**
                                                        **CV 14-1593 PHX SRB (MEA)**
10                          Defendant/Movant,
                                                        **REPORT AND**
11   v.                                                 **RECOMMENDATION**

12   United States of America,

13                          Plaintiff/Respondent.

14

15   **TO THE HONORABLE SUSAN R. BOLTON:**

16        On July 14, 2014, Movant, who is currently incarcerated in Texas, docketed a

17   motion seeking to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.[1]

18   Respondent docketed a response (Doc. 4) to the motion on February 4, 2015, arguing that

19   the motion is barred by the statute of limitations.  Movant's reply to the response to his

20   motion was due March 11, 2015.

21        **I Procedural Background**

22        A federal grand jury indictment returned September 4, 2012, charged Movant with

23   four felony counts, i.e., bringing aliens into the United States, harboring aliens,

24   conspiracy to transport aliens, and illegal reentry after deportation.   See Criminal Doc.

25   7.[2]

26

27        [1] The section 2255 motion was signed on July 10, 2014.

28        [2] Movant was arrested on July 24, 2012, and a complaint (Criminal Doc. 2) was filed on
     July 25, 2012.

On March 7, 2013, pursuant to a written plea agreement (Criminal Doc. 31), Movant pled guilty to one count of bringing illegal aliens into the United States, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).  See Criminal Docs. 25 & 27.  The written plea agreement provided that the sentencing range for this crime was a minimum sentence of three years and a maximum sentence of ten years imprisonment, followed by three years of supervised release.  See Criminal Doc. 31.  On May 24, 2013, Movant was sentenced to a term of 36 months of imprisonment followed by three years of supervised release.  See Criminal Docs. 32 & 33.  At Movant's sentencing, pursuant to the terms of the plea agreement, the three remaining counts of the indictment were dismissed.  See Criminal Doc. 33.  Judgment was entered May 28, 2013.  See Criminal Doc. 33.

On July 10, 2014, Movant initiated this section 2255 action and also filed a notice of appeal with regard to the judgment entered May 28, 2013.  See Criminal Doc. 37 & Criminal Doc. 38.   The appeal was dismissed by the Ninth Circuit Court of Appeals on December 9, 2014, because it was not timely filed.  See Criminal Doc. 42 & Criminal Doc. 43.

In his section 2255 motion (Doc. 1) Movant contends his guilty plea was not knowing and voluntary because his trial counsel did not properly advise him of his "Boykin" rights.[3]  Movant also alleges he was not properly advised, pursuant to Rule 11, Federal Rules of Criminal Procedure, of the rights he was waiving by entering a guilty plea.  Movant further asserts that his trial counsel's performance was unconstitutionally ineffective because there was no factual basis for Movant's guilty plea and because there was insufficient evidence to support his conviction.  Movant also argues he is entitled to relief because his appellate counsel failed to take a timely direct appeal of Movant's conviction and sentence.

---

[3] Boykin v. Alabama, 395 U.S. 238, 241-43, 89 S.Ct. 1709, 1711-12 (1969) (holding that a guilty plea must be knowing and intelligent).

**II Analysis**

**A. Statute of limitations**

Section 2255 provides, inter alia:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from...the date on which the judgment of conviction becomes final.... [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...

Judgment was entered against Movant on May 28, 2013.  The plea agreement signed by Movant waived his right to take a direct appeal of his conviction and sentence. Notwithstanding this waiver, Movant's conviction and sentence became final fourteen days later, on June 11, 2013, when the time for filing an appeal of his conviction and sentence expired.  See Fed. R. App. P. 4(b)(1)(A); Clay v. United States, 537 U.S. 522, 527-28, 123 S. Ct. 1072, 1076-77 (2003); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (finding that the statute of limitations begins to run "upon the expiration of the time during which [the petitioner] could have sought review by direct appeal"); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (concluding that, under the old Rule 4, "an unappealed federal criminal judgment becomes final ten days after it is entered").

Accordingly, Movant had until June 11, 2014, to file his section 2255 motion. Because Movant's section 2255 action was not filed until July 10, 2014, it is barred by the applicable statute of limitations.

The one-year deadline imposed by the Anti-Terrorism and Effective Death Penalty Act on the filing of section 2255 motions is, in effect, a statute of limitations subject to equitable tolling.  See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004).

But after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

- 3 -

1
2
3

stood in his way and prevented timely filing.'" United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (quoting Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, [] (2010)).

4

United States v. Castro-Verdugo, 750 F.3d 1065, 1071 (9th Cir. 2014).

5
6
7
8
9

The doctrine of equitable tolling is to be applied sparingly to section 2255 actions, only if "extraordinary circumstances" beyond the movant's control made it impossible for him to file his section 2255 motion prior to the expiration of the statute of limitations. See id.  Movant does not assert or present extraordinary circumstances beyond his control which made it impossible to timely file his section 2255 action.

10
11
12
13
14
15
16
17
18
19
20

A claim of actual, factual  innocence with regard to the crime of conviction, rather than a challenge to the sentence imposed or legal insufficiency, is a basis for equitable tolling of the statute of limitations.  See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013); Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); United States v. Baxter, 761 F.3d 17, 30-31 (D.C. Cir. 2014), cert. denied, 2015 WL 315256 (Feb. 23, 2015); United States  v. Jones, 758 F.3d 579, 584-86 (4th Cir. 2014), cert. denied, 2015 WL 732233 (Feb. 23, 2015).  Cf. Johnson v. Knowles 541 F.3d 933, 937-38 (9th Cir. 2008) ("A petitioner who asserts only procedural violations without claiming actual innocence" is not entitled to tolling of the statute of limitations); United States v. Barajas–Diaz, 313 F.3d 1242, 1248 (10th Cir. 2002) (holding that "actual innocence" requires a finding of factual innocence rather than legal insufficiency in the criminal proceedings).

21
22
23
24
25
26
27
28

Movant is not entitled to tolling based on a claim of actual innocence because this requires a showing that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt..." House v. Bell, 547 U.S. 518, 536-37, 126 S.Ct. 2064, 2076-77 (2006) (internal quotations omitted and emphasis added).  See also Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998); Baxter, 761 F.3d at 31.  Even if Movant could show that he was actually innocent of the count of conviction, he also would be required to demonstrate his actual innocence of the charges that were dismissed pursuant to the plea agreement to be

1    allowed the benefit of equitable tolling of the statute of limitations.  See Bousley, 523

2    U.S. at 624, 118 S.Ct. at 1611; United States v. Avery, 719 F.3d 1080, 1085 n.4 (9th Cir.

3    2013).

4                **B. Waiver of the right to a collateral attack**

5           Additionally, because Movant waived his right to collaterally attack his conviction

6    and sentence in the plea agreement, this section 2255 motion may be summarily denied.

7    See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is

8    well settled that a voluntary and intelligent plea of guilty made by an accused person,

9    who has been advised by competent counsel, may not be collaterally attacked."); United

10   States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the

11   context of a direct appeal wherein the defendant waived his right to directly appeal or

12   collaterally attack his conviction and sentence in a plea agreement), overruled on other

13   grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007); United

14   States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

15          A defendant's waiver of his right to pursue a section 2255 action is enforceable if

16   the language of the waiver encompasses the right to attack the conviction on the grounds

17   raised in the section 2255 action and the waiver was knowingly and voluntarily made.

18   See United States  v. Leniear, 574 F.3d 668, 672 (9th Cir. 2009); United States v. Nunez,

19   223 F.3d 956, 958–59 (9th Cir. 2000).  A plea agreement which waives the defendant's

20   right to collaterally attack his conviction and sentence is not enforceable if the waiver

21   was involuntary or unknowing.  See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71

22   (9th Cir. 2005); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).  A collateral

23   attack alleging ineffective assistance of counsel in negotiating a plea agreement may be

24   brought notwithstanding a waiver of this right in a plea agreement if the agreement was

25   involuntary or unknowing or where the agreement was otherwise unlawful.  See United

26   States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001) ("[A] waiver of appeal may

27   not be enforced against a section 2255 petitioner who claims that ineffective assistance of

28   counsel rendered that waiver unknowing or involuntary."); Bridgeman v. United States,

     229 F.3d 589, 591 (7th Cir. 2000).

1      The Court may resolve the issue of whether a waiver is knowing and voluntary

2  without holding a hearing, based on a review of the written plea agreement and the record

3  of the change of plea proceeding.  See Jeronimo, 398 F.3d at 1153–55 (finding a waiver

4  of a direct appeal knowing and voluntary based on the plea agreement and the change of

5  plea proceeding).  Similarly, a claim that defense counsel was unconstitutionally

6  ineffective in relation to the waiver of a right to a collateral attack is subject to dismissal

7  without a hearing.  See United States v. Schneflander, 743 F.2d 714, 717 (9th Cir. 1984).

8      Movant's contemporaneous statements regarding his understanding of the plea

9  agreement carry substantial weight in determining if his entry of a guilty plea was

10  knowing and voluntary.  See United States v. Ross, 511 F.3d 1233, 1236-37 (9th Cir.

11  2008); United States v. Kaczynski, 239 F.3d 1108, 1115 (9th Cir. 2001); United States v.

12  Mims, 928 F.2d 310, 313 (9th Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096

13  (6th Cir. 1998) (holding that "a straightforward and simple 'Yes, your Honor' is

14  sufficient to bind a Movant to [the] consequences [of a plea agreement].").  Additionally,

15  because he was adequately informed of the consequences of his plea, Movant's guilty

16  plea can be considered voluntary and knowing.  See Boykin v. Alabama, 395 U.S. 238,

17  242-43, 89 S. Ct. 1709, 1712 (1969).  The undersigned concludes Movant's guilty plea

18  was voluntary and made intelligently.  See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.

19  1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

20      Because Movant does not produce any evidence indicating he did not knowingly

21  and voluntarily enter into the agreement, compare United States v. Arias-Espinosa, 704

22  F.3d 616, 618 (9th Cir. 2012), the undersigned concludes Movant knowingly and

23  voluntarily waived his right to collaterally attack his conviction and sentence.

### C. Movant's ineffective assistance of counsel claim

24      The Sixth Amendment guarantees criminal defendants the right to
25  effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668,
26  104 S. Ct. 2052, [] (1984)....  To prevail on a claim of ineffective assistance
   of counsel, petitioner must show 1) his attorney's performance was
27  unreasonable under prevailing professional standards; and 2) there is a
   reasonable probability that but for counsel's unprofessional errors, the
28  results would have been different.  United States v. Blaylock, 20 F.3d 1458,

1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996). See also United States v. Thomas, 417 F. 3d 1053, 1056 (9th Cir. 2005).

The Sixth Amendment entitles a criminal defendant to "a reasonably competent attorney, whose advice is within the range of competence demanded of attorneys in criminal cases." United States v. Cronic, 466 U.S. 648, 655, 104 S. Ct. 2039, 2044-45 (1984) (internal quotations omitted). In order to find that Movant was deprived of the effective assistance of counsel and grant him relief on this claim pursuant to section 2255 the Court must conclude counsel's performance was deficient and that the deficient performance prejudiced Movant. See United States v. Manzo, 675 F.3d 1204, 1209-10 (9th Cir. 2012); United States v. Withers, 638 F.3d 1055, 1066-67 (9th Cir. 2011). It is Movant's burden to provide the Court with sufficient evidence from which the Court can conclude counsel's performance was unconstitutionally ineffective. See, e.g., Withers, 638 F.3d at 1066-67.

Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687, 104 S. Ct. at 2054. Judicial scrutiny of counsel's performance must be "highly deferential." Id., 466 U.S. at 689, 104 S. Ct. at 2065. See also Carter v. Lee, 283 F.3d 240, 248-49 (4th Cir. 2002). Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1996); United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). In the context of a defendant who pleads guilty, to be entitled to relief the movant must establish that, but for his counsel's allegedly deficient performance, the movant would have chosen not to plead guilty but to proceed to trial. See, e.g., Bethel v. United States, 458 F.3d 711, 718 (9th Cir. 2006).

Movant has not established that he was denied his constitutional right to the effective assistance of trial or appellate counsel. See Shah v. United States, 878 F.2d

- 7 -

1156, 1162 (9th Cir.1989) (holding the failure to raise a meritless claim does not constitute ineffective assistance of counsel).  Because Movant was not denied his right to the effective assistance of counsel in his plea proceedings the waiver of his right to collaterally attack his conviction and sentence may be enforced.

**III Conclusion**

Movant's section 2255 action was not filed within the statute of limitations and, therefore, the Court should not consider the merits of the action.  Movant has not demonstrated that equitable tolling of the statute of limitations is warranted in his case.  Movant waived his right to appeal or collaterally attack his conviction and sentence and the Magistrate Judge finds this waiver was knowing and voluntary.  Additionally, Movant has not established that he is entitled to relief on the merits of his claims of ineffective assistance of counsel because Movant has not established that his counsel's performance was deficient or that, but for counsel's performance, Movant would have chosen to proceed to trial rather than accept the plea agreement.  Movant's counsel's performance in "failing" to take a direct appeal was not prejudicial because Movant waived his right to take a direct appeal of Movant's conviction and sentence.

**IT IS THEREFORE RECOMMENDED that** Mr. Robledo Barrios' motion for relief pursuant to section 2255 be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b)(2), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2(e)(3), Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation

may not exceed seventeen (10) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 12th day of March, 2015.

_____
Mark E. Aspey
United States Magistrate Judge